# Court of Appeals
# of the State of Georgia

ATLANTA,___May 06, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15D0346.  SUGANDHA ROSENHAFT v. RBS CITIZENS, N. A. et al.**

On March 3, 2015, the trial court entered an order granting the Defendants' motion for OCGA § 9-15-14 attorney fees against Sugandha Rosenhaft and her attorney, Grady Roberts. The trial court awarded fees in excess of $120,000 against Sugandha and Roberts, jointly and severally. Thirty-four days later on April 6, 2015, Roberts filed this application for discretionary appeal on Rosenhaft's behalf, seeking review of that order. We, however, lack jurisdiction.

To be timely, a discretionary application must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). The filing date of an application for discretionary appeal is calculated from the date of entry of the order sought to be appealed. See OCGA § 5-6-35 (a). Roberts argues that OCGA § 9-11-6 (e) provides a three-day grace period for the filing of the application. However, the filing date of an application for discretionary appeal is not calculated from the date of service of any type of notice upon the applicant; it is calculated from the date of entry of the order sought to be appealed. See OCGA § 5-6-35 (a). Thus, OCGA § 9-11-6 (e), which applies only in cases where the prescribed filing time commences to run after the service of some type of notice or document upon the party seeking to appeal, does not apply to extend the time requirement for filing an application for discretionary appeal under OCGA § 5-6-35. See *Akin v. Sanders*, 228 Ga. 251 (184 SE2d 660) (1971) (no additional three days in which to file notice of appeal). Accordingly, Sugandha's application for discretionary appeal is untimely and is hereby DISMISSED.

Court of Appeals Rule 15 authorizes the imposition of a sanction in any civil

case wherein an application is determined to be frivolous. Sugandha's complaint alleged wrongful foreclosure, when in fact, there was no foreclosure. Roberts argues in the application that the trial court erred in dismissing the complaint, when the record shows that Rosenhaft voluntarily dismissed the complaint. Thus, the premise of the application, the trial court's dismissal of the complaint, blatantly misrepresents what occurred below. Consequently, the application is deemed frivolous. We also deem frivolous the argument that OCGA § 9-11-6 (e) alters the jurisdictional requirements set forth in OCGA § 5-6-35 (a), as that position is not supported by Georgia law. Accordingly, we hereby fine Grady Roberts $500 for filing this frivolous application.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/06/2015
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*